IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CANDACE A. STAFFORD                                                                                  PLAINTIFF

v.                                          Case No. 1:24-cv-1026

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION                                                                                       DEFENDANT

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 11. Judge Bryant recommends that the Court affirm the Administrative Law Judge's ("ALJ") denial of Plaintiff Candace Stafford's application for Social Security Disability Insurance Benefits ("disability benefits"). Plaintiff filed a timely objection. ECF No. 12. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On September 7, 2021, Plaintiff applied for disability benefits available under 42 U.S.C. § 423. Trans. at 64-80, 166-173.[1] Plaintiff's application was denied initially, and denied again upon her request for reconsideration. *Id*. at 17. Plaintiff sought a hearing regarding the denial and her request was granted. *Id*. at 97-154. On May 16, 2023, the ALJ conducted the hearing regarding Plaintiff's application for disability benefits. *Id*. at 32-63. During the hearing, Plaintiff amended her application request to allege a period of disability ranging from October 7, 2019, through March 31, 2022. *Id*. at 37. On August 8, 2023, the ALJ entered an unfavorable decision denying

---

[1] "Trans." refers to the Social Security Transcript filed in this matter. ECF No. 5. The pages cited are those listed within the transcript and not to the ECF page number.

Plaintiff's application for disability benefits. *Id*. at 14-26. On March 7, 2024, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id*. at 1-6.

On April 23, 2024, Plaintiff filed her Complaint in this Court pursuant to 42 U.S.C. § 405(g) seeking review and reversal of the ALJ's decision. ECF No. 2. On August 9, 2024, Plaintiff filed her appeal brief, which generally asserts that the ALJ committed reversable error by failing to properly evaluate her subjective allegations in formulating her functional capacity. ECF No. 9. On September 3, 2024, Defendant filed its response brief, asserting that the ALJ's decision is sufficient under the deferential review standard and must be affirmed. ECF No. 9. Plaintiff replied, reiterating her prior argument that the ALJ did not adequately evaluate her subjective allegations. ECF No. 10. On April 7, 2025, Judge Bryant issued the instant R&R recommending that the ALJ's decision be affirmed. ECF No. 11. Plaintiff filed a timely objection, again arguing that the ALJ did not properly evaluate Plaintiff's subjective allegations or properly explain why those allegations were not credible. ECF No. 12.

## II. LEGAL STANDARD

### A. Review of Magistrate Judge R&R

A party may submit written objections to a magistrate judge's findings and recommendations. Fed. R. Civ. P. 72(b)(2). The district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *and see* 28 U.S.C. § 636(b)(1). Objections must be specific to trigger a de novo review, and the lack of specific objections permits a court to only review the recommendations for clear error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The Court finds Plaintiff's objections are sufficiently specific to require a de novo review of Judge Bryant's R&R.

**B. Review of ALJ Decision**

A court must affirm an ALJ decision "if the ALJ made no legal error and the ALJ's decision is supported by substantial evidence on the record as a whole." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (internal quotation omitted). "Substantial evidence means 'less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (internal quotation omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation omitted). A court will only rebuke the ALJ's decision if it "falls outside the available zone of choice." *Austin*, 52 F.4th at 728 (internal quotation omitted). "An ALJ's decision is 'not outside the zone of choice' simply because [a court] 'might have reached a different conclusion had we been the initial finder of fact.'" *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (internal quotation omitted). If the evidence permits drawing two inconsistent conclusions, one of which is the ALJ's ultimate finding, then the reviewing court must affirm. *See Scott v. Berryhill*, 855 F.3d 853, 856 (8th Cir. 2017) (citation omitted).

### III. DISCUSSION

The Court will first broadly outline the process of making disability determinations. Next, the Court will summarize the ALJ's findings, with more elaboration on the portion that Plaintiff contests. The Court will then analyzing the parties' arguments and Judge Bryant's R&R.

**A. Disability Determinations**

An individual is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *and see* 42 U.S.C § 1382c(a)(3)(A).

3

Determining whether an individual is disabled and eligible for disability benefits requires engaging in the five-step analysis described in 20 CFR § 404.1520(a)(4).

At Step One, the ALJ considers the individual's work activity and if they are currently engaged in substantial gainful activity. 20 CFR § 404.1520(a)(4)(i). If the individual is currently working or engaging in substantial gainful activity, they are not disabled regardless of their medical condition. *Id*.; 20 CFR § 404.1520(b).

At Step Two, the ALJ considers the medical severity of any physical or mental impairments, as well as their duration. 20 CFR § 404.1520(a)(4)(ii). If the individual's impairments do not significantly limit their ability to do basic work activities, then they are not disabled. 20 CFR § 404.1520(c). In assessing the severity of any impairment from mental disorders, the four broad areas of mental functioning found in 20 CFR, Part 404, Subpart P, Appendix 1 must be evaluated. The four functional areas are: 1) understanding, remembering, or applying information, 2) interacting with others, 3) concentrating, persisting, or maintaining pace, and 4) adapting or managing oneself. 20 CFR, Part 404, Subpart P, Appendix 1, 112.00(A)(2)(b); *and see* 20 CFR § 404.1520a(c)(3)-(4). The degree of limitation in those four functional areas is assessed on a five-point scale, which includes "[n]one, mild, moderate, marked, and extreme." 20 CFR § 404.1520a(c)(4).

At Step Three, the ALJ considers the medical severity of the individual's impairments and whether the impairments meet or equal one of the listings in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 CFR § 404.1520(a)(4)(iii). If the impairments meet or equal a listing in Appendix 1 and meet the duration requirement, the individual is disabled. 20 CFR § 404.1520(d). If the impairment does not meet or equal a listing in Appendix 1, the ALJ proceeds to Step Four. 20 CFR § 404.1520(e).

At Step Four, the ALJ will assess the individual's "residual functional capacity" ("RFC") and their past relevant work. 20 CFR § 404.1520(a)(4)(iv). An individual's RFC is assessed pursuant to 20 CFR § 404.1545. 20 CFR § 404.1520(e). "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (quotation omitted). Stated plainly, RFC is the most an individual can do despite their physical and mental limitations. 20 CFR § 404.1545(a)(1); *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). An RFC determination is based "on all relevant evidence," which includes medical records, personal observations from treating physicians and others, and an individual's own evaluation of their capacity. 20 CFR § 404.1545(a)(3); *Boyd*, 831 F.3d at 1020. If the individual's RFC shows that they are able to do their past relevant work, then the individual is not disabled. 20 CFR §§ 404.1520(e)-(f).

At Step Five, an ALJ considers an individual's RFC and their age, education, and experience to determine if that individual can "make an adjustment to other work." 20 CFR § 404.1520(a)(4)(v). If the individual can make an adjustment to other work, the individual is not disabled; if the individual cannot make an adjustment to other work, they are disabled. 20 CFR § 404.1520(g)(1).

### B. Relevant ALJ Determinations

Plaintiff's complaint focuses on the ALJ's analysis and findings at Step Four of the evaluation process. The Court will summarize the ALJ's decision below, with more elaboration on portions relevant to this Order, before addressing Plaintiff's arguments.

As a preliminary finding, the ALJ determined that Plaintiff last met insured status requirements of the Social Security Act on March 31, 2022, the final day of Plaintiff's alleged period of disability. Trans. at 20. Then, at Step One of the analysis, the ALJ determined that Plaintiff did not engage in any substantial gainful activity during the alleged period of disability. Trans. at 20. At Step Two, the ALJ determined that Plaintiff had the following severe impairments during the alleged period of disability: diabetes mellitus II, degenerative disc disease, rheumatoid arthritis, osteoarthritis, and obesity. Trans. at 20-22. At Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Trans. at 22.

Moving to Step Four, the ALJ determined that Plaintiff had an RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).[2] Trans. at 22-25. In making this determination, the ALJ first recounted the subjective allegations made by Plaintiff during the hearing as to the intensity of the symptoms caused by her impairments and the limitations they created. The ALJ then noted Plaintiff's description of her daily activities. Next, the ALJ summarized the medical records relevant to Plaintiff's impairments for the alleged period of disability. The ALJ found that, while Plaintiff's impairments could cause some of her alleged symptoms, her medical records and her descriptions of daily activities were inconsistent with the alleged intensity of the symptoms and limitations caused by them. Thus, the ALJ determined that Plaintiff retained an RFC permitting her to perform light work. The ALJ then determined that

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

Plaintiff's RFC permitted her to perform her past relevant work as a dental assistant or vocational training instructor during the alleged period of disability. Trans. at 26. The ALJ supported this finding by referencing opinions provided by a vocational expert who testified at the hearing as to what type of work Plaintiff could perform with her RFC. Because Plaintiff could perform her past relevant work during the alleged period of disability, the ALJ concluded that Plaintiff was not disabled during the relevant period of October 7, 2019, though March 31, 2022, and that her claim for disability insurance benefits must be denied. Trans at 26.

### C. Plaintiff's Claims and Judge Bryant's R&R

Plaintiff argues that the ALJ erred by failing to properly evaluate her subjective complaints in formulating her RFC, which also resulted in a decision not supported by substantial evidence. ECF No. 7, p. 5-11. Plaintiff recounts that her subjective allegations included significant neck and back pain, the inability to walk more than ten minutes without rest, the need to sit and rest during chores such as cooking, the inability to lean forward for desk work, and the inability to lift objects greater than ten pounds. Plaintiff then contends that the ALJ provided an inadequate boilerplate dismissal of her subjective allegations without the required discussion of the factors relevant for subjective allegations outlined in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). Plaintiff asserts that this creates no logical or narrative bridge between her subjective allegations, her reported daily activities, the medical record, and the ALJ's conclusion that her allegations were inconsistent with the record as a whole. Plaintiff also contends that the medical records supports her subjective allegations and contradicts the ALJ's reasoning.

In response, Defendant argues that the ALJ properly evaluated Plaintiff's subjective allegations and the decision must be upheld under the deferential standard of review. ECF No. 9, p. 5-10. Defendant contends that the ALJ logically proceeded from noting Plaintiff's subjective

7

allegations, reviewing other relevant medical and non-medical evidence, and then concluding that there was inconsistency between the subjective allegations and other evidence in the record. Defendant further contends that the ALJ's conclusion that Plaintiff's daily activities and her medical records were inconsistent with her alleged symptoms was reasonable and supported by the record. Defendant emphasizes that no medical treatment provider set limitations on Plaintiff's daily activities during the relevant period and that a significant portion of evidence cited by Plaintiff was from beyond the relevant period. Defendant also notes that the ALJ cited the relevant factors for evaluating Plaintiff's subjective complaints, but asserts that the ALJ was not required to explicitly discuss each factor. In reply, Plaintiff again argues that the ALJ provided an inadequate and superficial analysis that prevents any meaningful review by this Court. ECF No. 10. Plaintiff contends that the ALJ never explained how her daily activities were inconsistent with her subjective complaints, and emphasizes that an Adult Function Report completed by Plaintiff and her husband in 2022 shows that her reported daily activities were in lockstep with her subjective allegations.

Judge Bryant determined that the ALJ appropriately considered Plaintiff's subjective allegations, noted that there were inconsistencies between the allegations and the remainder of the record, and thus committed no legal error in formulating Plaintiff's RFC. ECF No.11, p. 6-7. Therefore, Judge Bryant recommends that the ALJ's denial of Plaintiff's application for disability insurance benefits be affirmed. In her objection, Plaintiff contends that Judge Bryant overlooked the ALJ's critical failure to address the limitations Plaintiff described in her daily activities. ECF No. 12, p. 2-3. Plaintiff again cites the Adult Function Report from 2022 to contend that there was no inconsistency between her subjective allegations, her daily activities, and her medical records.

"In analyzing a claimant's subjective complaints, such as pain, an ALJ must consider: (1)

the claimant's daily activities; (2) the duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (quoting *Polanksi*, 739 F.2d at 1322). "But an ALJ need not explicitly discuss each factor, and we will defer to credibility determinations that are supported by good reasons and substantial evidence." *Id*. (internal citations omitted); *and see Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) ("It is sufficient if [the ALJ] acknowledges and considers the factors before discounting a claimant's subjective complaints") (quotation omitted). "An ALJ may decline to credit a claimant's subjective complaints 'if the evidence as a whole is inconsistent with the claimant's testimony.'" *Schwandt*, 926 F.3d at 1012 (quotations omitted).

The Court finds that the ALJ did not commit reversible error in formulating Plaintiff's RFC. Though far from a model of thorough explanation, the sequence of the ALJ's determinations and the presence of supporting evidence in the record demonstrates that the ALJ adequately considered Plaintiff's subjective allegations. The ALJ first summarized Plaintiff's subject allegations of the symptoms caused by her impairments and Plaintiff's statements regarding her daily activities. The ALJ then cited medical records from the alleged period of disability and the information within relevant to Plaintiff's impairments. This order of analysis and acknowledgment of the *Polanski* factors, followed by the conclusion that the intensity of Plaintiff's subjective complaints was not consistent with the record, indicates that the ALJ examined Plaintiff's daily activities and medical records and permissibly formulated an RFC that did not adhere to Plaintiff's subjective allegations.

Further, the evidence in the record provides a substantial basis for the ALJ's conclusion. Plaintiff's criticisms of the ALJ's opinion focus on her orthopedic issues and the accompanying

pain and mobility limitations. However, the medical records provide sufficient support for the ALJ's finding. Three visits to an Arthritis and Diabetes Clinic between October 29, 2019, and June 25, 2020, show that her arthritis was a "mild to moderate" issue, her grip strength was only "mildly reduced", and that her quality of life was consistent throughout this span. Trans. at 422-37. As to the Arkansas Heart Hospital records, a December 2020 visit indicates that Plaintiff was experiencing general joint pain, with leg swelling and heightened back and neck issues, while a March 2021 visit indicated no joint pain and no pain in her legs or calves while walking. Trans. at 484-89. Visits with Dr. Raj Bhandari in September and October 2020 indicate Plaintiff was negative for arthritis and back pain. Trans. at 473-75. Five visits to Connely Family Medicine between November 2019 and August 2021 either indicate that Plaintiff was having no acute distress from arthritis or joint issues or do not mention arthritis or joint issues. Trans. at 520-29. Combining these medical records with Plaintiff's description of her daily activities during the hearing (Trans. at 40-63) and an Adult Function Report completed in November 2021 (Trans. at 202-12) that showed a capacity to dress, clothe, and bath herself, the ALJ could reasonably conclude that Plaintiff's subjective allegations were inconsistent with the record as a whole. Plaintiff's focus on a second Adult Function Report completed in May 2022 (Trans. at 221-36) by her and her husband is misplaced. That report was completed over a month beyond the close of the alleged disability date and follows Plaintiff's Achilles tendon surgery in April 2022. Trans. at 74.

In sum, the Court finds that the ALJ made no legal error in formulating Plaintiff's RFC and that the decision denying Plaintiff's application for disability benefits is supported by substantial evidence in the record. Accordingly, the Court must affirm the ALJ's decision. *See Austin*, 52 F.4th at 728.

## IV. CONCLUSION

Upon review and for the reasons stated above, the Court hereby adopts Judge Bryant's R&R (ECF No. 11) in toto. The ALJ's denial of Plaintiff's application for Social Security Disability Insurance Benefits is hereby **AFFIRMED**.

**IT IS SO ORDERED**, this 25th day of June, 2025.

                                                    /s/ Susan O. Hickey
                                                  Susan O. Hickey
                                                  Chief United States District Judge